IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

KEITHEN JONES
ADC #85316                                                                                                PLAINTIFF

V.                                              4:08CV04129 WRW/JTR

JASON GILBERT, Patrolman,
Little Rock Police Department, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A-149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction, has filed an Application to Proceed *In Forma Pauperis* and a *pro se* § 1983 Complaint. *See* docket entries #1 and #2. For the reasons set forth herein, the Court recommends that the Application to Proceed *In Forma Pauperis* be denied, and that the case be dismissed, without prejudice.

## II. Discussion

**A.**    **Three Strikes Provision**

The Prison Litigation Reform Act contains a three-strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28

U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

The Court's records demonstrate that Plaintiff has previously filed at least four cases that were dismissed for failing to state a claim upon which relief may be granted. *See Jones v. Banks*, 2:95CV00017 HW (dismissed on March 14, 1995); *Jones v. Roberson*, 5:96CV00123 JMM (dismissed on March 27, 1996); *Jones v. Correctional Medical Services*, 5:03CV00087 SWW (dismissed on May 14, 2003); *Jones v. Does*; 4:05CV01092 SWW (dismissed on August 23, 2005). Accordingly, the Court concludes that Plaintiff has accumulated three strikes, as defined by § 1915(g).[1]

**B.     Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) The Eighth Circuit also has been reluctant to apply the imminent danger exception unless the alleged ongoing danger exposes the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings),

---

[1] Additionally, Plaintiff has previously had one case dismissed, pursuant to the three-strikes rule. *See Jones v. Alondra*; 4:06CV00006 JMM (dismissed on January 20, 2006).

*with Martin v. Shelton,* 319 F.3d 1048,1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

In his Complaint (which was filed on November 6, 2008), Plaintiff alleges that Defendants violated his constitutional rights: (1) on April 5, 2007, by searching his home without a warrant, arresting him without a warrant or probable cause, using excessive force against him, destroying evidence, and racially discriminating against him; (2) on May 10, 2007, by revoking his parole without affording him procedural due process; and (3) on October 12, 2007, by finding him guilty of a false disciplinary infraction and not affording him procedural due process during the disciplinary hearing. *See* docket entry #2. After careful consideration, the Court concludes that none of these alleged constitutional violations placed Plaintiff in imminent danger of serious physical injury at the time he filed this action. Accordingly, Plaintiff has failed to satisfy the exception to the three-strikes rule, as set forth in § 1915(g).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) be DENIED.

2. This § 1983 action be DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3. Plaintiff be given the opportunity to continue this case by: (a) paying the statutory filing fee of $350, in full, noting the above case style and number; and (b) filing a Motion to Reopen the case.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken

in good faith.

   Dated this 13th day of November, 2008.

                                             _____
                                             UNITED STATES MAGISTRATE JUDGE